**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

IN RE:                                                               CASE NO.:    16-11728
       LA CHEMICAL, LLC
       DEBTOR(S)                                        CHAPTER 7 CASE

**MOTION FOR ENTRY OF ORDER AUTHORIZING SALE OF**
**PROPERTY OF THE ESTATE (HIGHER BIDS WELCOME)**
**NOTICE OF HEARING AND RESPONSE DEADLINE**

A hearing has been set for **DECEMBER 19, 2017, at 9:30 O'CLOCK A.M.** Central Time at the 7United States Court House, Courtroom Four, 300 Fannin St., Shreveport, LA 71101.

Trustee has filed papers with the court to obtain an entry of an order authorizing him to sell property of the estate. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you do not want the court to grant the relief sought in the motion, then **ON OR BEFORE SEVEN DAYS FROM THE HEARING DATE SET FORTH FOR THE MOTION (ABOVE), you must file with the court a written response** explaining your position by mailing your response by regular U.S. Mail to Clerk, United States Bankruptcy Court, 300 Fannin St., Suite 2201, Shreveport, Louisiana 71101 OR your attorney must file a response using the Court's ECF System.

The Court must receive your response on or before **December 12, 2017 (which is seven days from the hearing date).**

You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to: John S. Hodge, Wiener, Weiss & Madison, A P.C., P. O. Box 21990, Shreveport, LA 71120, E-Mail: jhodge@wwmlaw.com.

**IF YOU OR YOUR ATTORNEY DO NOT TAKE THESE STEPS, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGHT IN THE MOTION/OBJECTION AND MAY ENTER AN ORDER GRANTING THAT RELIEF WITHOUT FURTHER HEARING OR NOTICE.**

NOW INTO COURT, through undersigned counsel, comes the chapter 7 trustee, who respectfully represents as follows:

## I. JURISDICTION

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and by virtue of the reference by the district court pursuant to LR 83.4.1. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A) and (O).

2. The predicates for the requested relief are 11 U.S.C. §§ 105(a) and 363 and Federal Bankruptcy Rule 6004.

## II. BACKGROUND

3. On September 29, 2016, LA Chemical, LLC (the "**Debtor**") filed a voluntary petition pursuant to chapter 7 of title 11 of the United States Code.

4. By virtue of his appointment as interim trustee in this case by the United States Trustee and pursuant to the provisions of §§ 701 and 702(d) of the Bankruptcy Code, John S. Hodge (the "**Trustee**") serves as the trustee in this case.

5. Pursuant to the provisions of § 541(a) of the Bankruptcy Code, upon the commencement of this bankruptcy case, an estate was created, comprised of all property, wherever located and by whomever held, including all legal and equitable interests of the Debtor(s) in property as of the commencement of the case.

6. Pursuant to the provisions of § 323(a) of the Bankruptcy Code, the Trustee holds all of the rights and responsibility for property of the estate and is the sole representative of the bankruptcy estate. *In re General Development Corp.*, 179 B.R. 335, 338 (S.D.Fla. 1995)("The bankruptcy trustee is vested with title to all assets of the estate and becomes the estate's legal representative.").

7.      As the sole representative of the bankruptcy estate, and pursuant to the provisions of § 704(a)(1) of the Bankruptcy Code, the trustee has a duty to collect and reduce to money the property of the estate.

8.      After notice and hearing, Trustee proposes to sell the Property to <u>Origin Bank</u> or its designee for $**8,000.00** (the **"Purchase Price"**); <u>provided</u>, <u>however</u>, that in the event an objection or higher bid is received by the Trustee seven (7) calendar days before the hearing on the Trustee's Application to Sell the Property (the "Application"), the Trustee will notify all bidding parties of the higher bid and an auction will be held in the Bankruptcy Court on the date, time and place as shown for the hearing on the Application and the property will be sold to the last and highest bidder

9.      *Subject Property*. Pursuant to the provisions of §§ 363(b) and (f) of the Bankruptcy Code, the Trustee seeks authority to sell all of the estate's interest, if any, in the following described property (the "**Property**"), free and clear of all liens, claims, encumbrances, interests, options, rights of first refusal, mortgages, charges, indentures, deeds of trust, security agreements, and any other encumbrance or interest (collectively the "**Liens**"):

   One (1) ea., 2012 Black Utility Trailer, Model ID, VIN 16VGX4028C2612527; and
   One (1) ea., 2011 Black Utility Trailer, Make SPLL, VIN 1J9DG36268J143320

13.     *AS IS.*  The Property will be sold "AS IS" and without warranty, express or implied.   By paying the Purchase Price, the Buyer shall waive all claims for rescission of the sale or deduction or return of all or part of the Purchase Price.

14.     *No Warranty of Title*.   The sale of the Property shall be without warranty of title, either express or implied, but with full substitution and subrogation in and to the rights and actions of warranty which the Trustee has or may have against all preceding owners and vendors.

15. Section 363(b) of the Bankruptcy Code provides that a trustee, after notice and a hearing, may sell property of the estate outside the ordinary course of business. 11 U.S.C. § 363(b). The Bankruptcy Code also provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16. Trustees are given a great deal of discretion when deciding whether to sell property of the estate. Although § 363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, bankruptcy courts, in applying this section, have required that it be based upon some articulated business justification. Approval of the sale of the estate's interest in the Property is appropriate in this case because the Trustee can demonstrate that there is "some articulated business justification for using, selling, or leasing the property outside the ordinary course of business." *Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc.* (*In re Continental Air Lines, Inc.*), 780 F.2d 1223, 1226 (5th Cir. 1986). Factors to consider in evaluating such a sale include the proportionate value of the asset to the estate as a whole, the duration of the proceeding, and the value of the proceeds to be obtained for the estate. *Id.*

17. The Trustee reasonably believes the proposed sale is in the best interest of the estate because the proceeds derived from the proposed sale, together with other funds expected to be received by the estate, will allow a substantive distribution to creditors in this case. Considering the proportionate value of the Property to the estate as a whole, the duration of the proceeding, and the value of the proceeds to be obtained for the estate, this Court should authorize the Trustee to sell the Property pursuant to the terms set forth above.

18. Section 363(f) of the Bankruptcy Code provides, in part, that a trustee may sell property of the estate outside the ordinary course of business free and clear of any other entity's interest in such property if such entity consents, if such interest is in bona fide dispute, or if such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. §§ 363(f)(2), (f)(4), and (f)(5).

19. To the Trustee's knowledge, there are no Liens against the Property.

20. Pending further orders of this Court, the Trustee proposes to deposit the proceeds of the sale of the Property into the estate's bank account, with the Liens identified herein attaching to said proceeds with the same right and priority that they enjoyed against the Property before the sale.

### III. RELIEF REQUESTED

21. The Trustee seeks the entry of an order authorizing him to sell the estate's interest, if any, in the Property, free and clear of all Liens, pursuant to the terms and conditions set forth above.

WHEREFORE, TRUSTEE PRAYS that, after proper notice of this proposed sale being given to all creditors and parties in interest pursuant to Bankruptcy Rules 2002 and 6004 and after all delays have passed, an Order:

(a) Authorizing Trustee to sell the Property for the price referenced above; provided, however, that in the event an objection or higher bid is received by the Trustee seven (7) calendar days before the hearing on the Trustee's Application to Sell the Property (the "Application"), the Trustee will notify all bidding parties of the higher bid and an auction will be held in the Bankruptcy Court on the date, time and place as shown for the hearing on the Application and the Property will be sold to the last and highest bidder;

(b) pending further orders of this Court, directing Trustee to deposit the net sale proceeds (gross proceeds less allowed administrative claims) into the estate's bank account, with the Liens identified herein attaching to said proceeds; and

(c) for all other legal and equitable relief which Trustee may be entitled.

Respectfully submitted,

/s/ John S. Hodge
John S. Hodge, Trustee
Bar No. 18951
P.O. Box 13
Shreveport, LA 71161-0013
(318) 226-9100

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following parties:

*U.S. Department of Justice, Office of the United States Trustee*
U.S. Trustee – Region 5
U.S. Court House
300 Fannin Street, Suite 3196
Shreveport, LA 71101

*Attorney for Debtor*
RALPH SCOTT BOWIE
Daye, Bowie & Beresko
400 Travis St., Suite 700
Shreveport, LA   71101

*Debtor*
LA Chemical, LLC
594 Gap Farms Ste. B
Arcadia, LA   71001

*Counsel for Origin Bank*
R. Douglas Wood, Jr.
Wood Law Firm, LLC
P. O. Box 2306
Monroe, LA 71207

United States Attorney
Western District of Louisiana
300 Fannin Street, Suite 3201
Shreveport, LA 71101-3120

by depositing same in the United States Mail properly addressed and with sufficient postage affixed and/or by electronic mail and/or by electronic notice, and all other persons who have requested notice via the PACER/ECF/CMS system.

Shreveport, Louisiana, on November 14, 2017.

/s/ John S. Hodge
John S. Hodge, Trustee